FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

**Feb 03, 2022**

SEAN F. McAVOY, CLERK

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| LAURIE D.,[1] | No. 1:20-cv-03237-MKD |
| Plaintiff, | ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |
| vs. | |
| KILOLO KIJAKAZI, ACTING COMMISSIONER OF SOCIAL SECURITY, | ECF Nos. 13, 14 |
| Defendant. | |

Before the Court are the parties' cross-motions for summary judgment. ECF Nos. 13, 14. The Court, having reviewed the administrative record and the parties' briefing, is fully informed. For the reasons discussed below, the Court grants Plaintiff's motion, ECF No. 13, and denies Defendant's motion, ECF No. 14.

---

[1] To protect the privacy of plaintiffs in social security cases, the undersigned identifies them by only their first names and the initial of their last names. *See* LCivR 5.2(c).

ORDER - 1

**JURISDICTION**

The Court has jurisdiction over this case pursuant to 42 U.S.C. §§ 405(g); 1383(c)(3).

**STANDARD OF REVIEW**

A district court's review of a final decision of the Commissioner of Social Security is governed by 42 U.S.C. § 405(g).  The scope of review under § 405(g) is limited; the Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error." *Hill v. Astrue*, 698 F.3d 1153, 1158 (9th Cir. 2012).  "Substantial evidence" means "relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Id*. at 1159 (quotation and citation omitted).  Stated differently, substantial evidence equates to "more than a mere scintilla[,] but less than a preponderance." *Id.* (quotation and citation omitted).  In determining whether the standard has been satisfied, a reviewing court must consider the entire record as a whole rather than searching for supporting evidence in isolation. *Id.*

In reviewing a denial of benefits, a district court may not substitute its judgment for that of the Commissioner. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).  If the evidence in the record "is susceptible to more than one rational interpretation, [the court] must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina v. Astrue,* 674

ORDER - 2

F.3d 1104, 1111 (9th Cir. 2012), *superseded on other grounds by* 20 C.F.R. §§ 404.1502(a), 416.920(a).  Further, a district court "may not reverse an ALJ's decision on account of an error that is harmless."  *Id*.  An error is harmless "where it is inconsequential to the [ALJ's] ultimate nondisability determination."  *Id*. at 1115 (quotation and citation omitted).  The party appealing the ALJ's decision generally bears the burden of establishing that it was harmed.  *Shinseki v. Sanders*, 556 U.S. 396, 409-10 (2009).

## FIVE-STEP EVALUATION PROCESS

A claimant must satisfy two conditions to be considered "disabled" within the meaning of the Social Security Act.  First, the claimant must be "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months."  42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  Second, the claimant's impairment must be "of such severity that he is not only unable to do his previous work[,] but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy."  42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

The Commissioner has established a five-step sequential analysis to determine whether a claimant satisfies the above criteria.  *See* 20 C.F.R. §§

404.1520(a)(4)(i)-(v), 416.920(a)(4)(i)-(v).  At step one, the Commissioner considers the claimant's work activity.  20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i).  If the claimant is engaged in "substantial gainful activity," the Commissioner must find that the claimant is not disabled.  20 C.F.R. §§ 404.1520(b), 416.920(b).

If the claimant is not engaged in substantial gainful activity, the analysis proceeds to step two.  At this step, the Commissioner considers the severity of the claimant's impairment.  20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii).  If the claimant suffers from "any impairment or combination of impairments which significantly limits [his or her] physical or mental ability to do basic work activities," the analysis proceeds to step three.  20 C.F.R. §§ 404.1520(c), 416.920(c).  If the claimant's impairment does not satisfy this severity threshold, however, the Commissioner must find that the claimant is not disabled.  *Id.*

At step three, the Commissioner compares the claimant's impairment to severe impairments recognized by the Commissioner to be so severe as to preclude a person from engaging in substantial gainful activity.  20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii).  If the impairment is as severe or more severe than one of the enumerated impairments, the Commissioner must find the claimant disabled and award benefits.  20 C.F.R. §§ 404.1520(d), 416.920(d).

ORDER - 4

1    If the severity of the claimant's impairment does not meet or exceed the

2 severity of the enumerated impairments, the Commissioner must pause to assess

3 the claimant's "residual functional capacity."  Residual functional capacity (RFC),

4 defined generally as the claimant's ability to perform physical and mental work

5 activities on a sustained basis despite his or her limitations, 20 C.F.R. §§

6 404.1545(a)(1), 416.945(a)(1), is relevant to both the fourth and fifth steps of the

7 analysis.

8    At step four, the Commissioner considers whether, in view of the claimant's

9 RFC, the claimant is capable of performing work that he or she has performed in

10 the past (past relevant work).  20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv).

11 If the claimant is capable of performing past relevant work, the Commissioner

12 must find that the claimant is not disabled.  20 C.F.R. §§ 404.1520(f), 416.920(f).

13 If the claimant is incapable of performing such work, the analysis proceeds to step

14 five.

15    At step five, the Commissioner considers whether, in view of the claimant's

16 RFC, the claimant is capable of performing other work in the national economy.

17 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).  In making this determination,

18 the Commissioner must also consider vocational factors such as the claimant's age,

19 education, and past work experience.  20 C.F.R. §§ 404.1520(a)(4)(v),

20 416.920(a)(4)(v).  If the claimant is capable of adjusting to other work, the

ORDER - 5

Commissioner must find that the claimant is not disabled.  20 C.F.R. §§ 404.1520(g)(1), 416.920(g)(1).  If the claimant is not capable of adjusting to other work, analysis concludes with a finding that the claimant is disabled and is therefore entitled to benefits.  *Id.*

The claimant bears the burden of proof at steps one through four above. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999).  If the analysis proceeds to step five, the burden shifts to the Commissioner to establish that 1) the claimant is capable of performing other work; and 2) such work "exists in significant numbers in the national economy."  20 C.F.R. §§ 404.1560(c)(2), 416.960(c)(2); *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012).

## ALJ'S FINDINGS

On July 7, 2014, Plaintiff applied for Title XVI supplemental security income benefits, and on July 25, 2014, Plaintiff applied for Title II disability insurance benefits; in both applications, Plaintiff alleged a disability onset date of November 30, 2010.  Tr. 50-51, 209-14, 701.  The applications were denied initially and on reconsideration.  Tr. 108-40.  Plaintiff appeared before an administrative law judge (ALJ) on July 19, 2016.  Tr. 18-49.  On August 31, 2016, the ALJ denied Plaintiff's claim.  Tr. 674-97.  Plaintiff appealed the denial to the Appeals Council and then this Court, which resulted in a remand.  Tr. 799-830.

ORDER - 6

Plaintiff appeared for a remand hearing on August 12, 2020.  Tr. 741-67.  On

August 24, 2020, the ALJ again denied Plaintiff's claim.  Tr. 698-721.

At step one of the sequential evaluation process, the ALJ found Plaintiff,

who met the insured status requirements through December 31, 2013, has not

engaged in substantial gainful activity since November 30, 2010.  Tr. 704.  At step

two, the ALJ found that Plaintiff has the following severe impairments: cervical

and lumbar spinal impairment(s), bilateral shoulder impairment(s), obesity, mood

disorder(s), anxiety disorder(s), and substance use disorder(s).  *Id.*

At step three, the ALJ found Plaintiff does not have an impairment or

combination of impairments that meets or medically equals the severity of a listed

impairment.  *Id.*  The ALJ then concluded that Plaintiff has the RFC to perform

light work with the following limitations:

> [Plaintiff] can occasionally crawl and climb ladders, rope, and
> scaffolding.  She can occasional[ly] reach overhead bilaterally.  She
> should avoid concentrated exposure to vibration, extreme cold, or
> hazards.  She can understand, remember and carry out simple
> instructions.  She can exercise simple workplace judgment and can
> perform work that is learned on the job in less than thirty days by
> short demonstration and practice or repetition.  She can have
> occasional superficial interaction with coworkers.  She can work in
> jobs that require only superficial interaction or contact with the
> general public.  She can deal with occasional changes in the work
> environment.

Tr. 706-07.

ORDER - 7

At step four, the ALJ found Plaintiff has no past relevant work.  Tr. 714.  At step five, the ALJ found that, considering Plaintiff's age, education, work experience, RFC, and testimony from the vocational expert, there were jobs that existed in significant numbers in the national economy that Plaintiff could perform, such as small parts assembler, collator operator, and housekeeper cleaner.  Tr. 715.  Therefore, the ALJ concluded Plaintiff was not under a disability, as defined in the Social Security Act, from the alleged onset date of November 30, 2010, through the date of the decision.  *Id.*

Per 20 C.F.R. §§ 404.984, 416.1484 the ALJ's decision following this Court's prior remand became the Commissioner's final decision for purposes of judicial review.

## ISSUES

Plaintiff seeks judicial review of the Commissioner's final decision denying her disability insurance benefits under Title II and supplemental security income benefits under Title XVI of the Social Security Act.  Plaintiff raises the following issues for review:

1.  Whether the ALJ properly evaluated Plaintiff's symptom claims;

2.  Whether the ALJ conducted a proper step-three analysis; and

3.  Whether the ALJ properly evaluated the medical opinion evidence.

ECF No. 13 at 2.

ORDER - 8

**DISCUSSION**

**A. Plaintiff's Symptom Claims**

Plaintiff faults the ALJ for failing to rely on reasons that were clear and convincing in discrediting her symptom claims. ECF No. 13 at 16-21. An ALJ engages in a two-step analysis to determine whether to discount a claimant's testimony regarding subjective symptoms. SSR 16–3p, 2016 WL 1119029, at *2. "First, the ALJ must determine whether there is objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged." *Molina*, 674 F.3d at 1112 (quotation marks omitted). "The claimant is not required to show that [the claimant's] impairment could reasonably be expected to cause the severity of the symptom [the claimant] has alleged; [the claimant] need only show that it could reasonably have caused some degree of the symptom." *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009).

Second, "[i]f the claimant meets the first test and there is no evidence of malingering, the ALJ can only reject the claimant's testimony about the severity of the symptoms if [the ALJ] gives 'specific, clear and convincing reasons' for the rejection." *Ghanim v. Colvin*, 763 F.3d 1154, 1163 (9th Cir. 2014) (citations omitted). General findings are insufficient; rather, the ALJ must identify what symptom claims are being discounted and what evidence undermines these claims. *Id.* (quoting *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995)); *Thomas v.*

ORDER - 9

*Barnhart*, 278 F.3d 947, 958 (9th Cir. 2002) (requiring the ALJ to sufficiently

explain why it discounted claimant's symptom claims)).  "The clear and

convincing [evidence] standard is the most demanding required in Social Security

cases."  *Garrison v. Colvin*, 759 F.3d 995, 1015 (9th Cir. 2014) (quoting *Moore v.*

*Comm'r of Soc. Sec. Admin.*, 278 F.3d 920, 924 (9th Cir. 2002)).

Factors to be considered in evaluating the intensity, persistence, and limiting

effects of a claimant's symptoms include: 1) daily activities; 2) the location,

duration, frequency, and intensity of pain or other symptoms; 3) factors that

precipitate and aggravate the symptoms; 4) the type, dosage, effectiveness, and

side effects of any medication an individual takes or has taken to alleviate pain or

other symptoms; 5) treatment, other than medication, an individual receives or has

received for relief of pain or other symptoms; 6) any measures other than treatment

an individual uses or has used to relieve pain or other symptoms; and 7) any other

factors concerning an individual's functional limitations and restrictions due to

pain or other symptoms.  SSR 16-3p, 2016 WL 1119029, at *7; 20 C.F.R. §§

404.1529(c), 416.929(c).  The ALJ is instructed to "consider all of the evidence in

an individual's record," to "determine how symptoms limit ability to perform

work-related activities."  SSR 16-3p, 2016 WL 1119029, at *2.

The ALJ found that Plaintiff's medically determinable impairments could

reasonably be expected to cause some of the alleged symptoms, but that Plaintiff's

ORDER - 10

statements concerning the intensity, persistence, and limiting effects of her

symptoms were not entirely consistent with the evidence.  Tr.  708.

### 1.  Lack of Treatment

The ALJ found Plaintiff's symptom claims were inconsistent with her lack

of treatment.  *Id*.  An unexplained, or inadequately explained, failure to seek

treatment or follow a prescribed course of treatment may be considered when

evaluating the claimant's subjective symptoms.  *Orn v. Astrue*, 495 F.3d 625, 638

(9th Cir. 2007).  And evidence of a claimant's self-limitation and lack of

motivation to seek treatment are appropriate considerations in determining the

credibility of a claimant's subjective symptom reports.  *Osenbrock v. Apfel*, 240

F.3d 1157, 1165-66 (9th Cir. 2001); *Bell-Shier v. Astrue*, 312 F. App'x 45, *3 (9th

Cir. 2009) (unpublished opinion) (considering why plaintiff was not seeking

treatment).  When there is no evidence suggesting that the failure to seek or

participate in treatment is attributable to a mental impairment rather than a

personal preference, it is reasonable for the ALJ to conclude that the level or

frequency of treatment is inconsistent with the alleged severity of complaints.

*Molina*, 674 F.3d at 1113-14.  But when the evidence suggests lack of mental

health treatment is partly due to a claimant's mental health condition, it may be

inappropriate to consider a claimant's lack of mental health treatment when

1   evaluating the claimant's failure to participate in treatment.  *Nguyen v. Chater*, 100

2   F.3d 1462, 1465 (9th Cir. 1996).

3        The ALJ noted that despite her allegations of disabling psychological

4   symptoms, Plaintiff went years after her alleged onset date without mental health

5   treatment.  Tr. 708.  Plaintiff declined mental health counseling in October 2015

6   and did not return to counseling until July 2017, when DSHS mandated she attend

7   treatment.  Tr. 710, 1211.  Plaintiff also alleges significant physical limitations but

8   did not have any documented treatment for her physical symptoms for three years

9   after her alleged onset date.  Tr. 708.  However, the ALJ failed to consider the

10  reasons Plaintiff did not seek treatment.  Plaintiff did not have medical insurance

11  until she began seeking treatment in 2014.  Tr. 338.  Multiple providers also

12  documented Plaintiff's agoraphobia and difficulty leaving her house, using public

13  transit, and attending appointments, due to her mental health impairments.  *See,*

14  *e.g.,* Tr. 920-21, 935, 944.  The ALJ noted Plaintiff only went to treatment because

15  it was mandatory, Tr. 710-11, but failed to consider Plaintiff's anxiety regarding

16  treatment and difficulty engaging in treatment, Tr. 456-57, 547, 551-52, 557-58,

17  560.  The ALJ erred in finding Plaintiff's symptom claims were inconsistent with

18  her lack of treatment, without considering the reasons Plaintiff did not seek

19  treatment.

20       *2. Drug-Seeking*

ORDER - 12

The ALJ found Plaintiff engaged in drug-seeking behavior that undermines the reliability of her pain reporting.  Tr. 708.  Drug seeking behavior can be a clear and convincing reason to discount a claimant's credibility.  *See Edlund*, 253 F.3d at 1157 (holding that evidence of drug seeking behavior undermines a claimant's credibility); *Gray v. Comm'r, of Soc. Sec.*, 365 F. App'x 60, 63 (9th Cir. 2010) (evidence of drug-seeking behavior is a valid reason for finding a claimant not credible); *Lewis v. Astrue*, 238 F. App'x 300, 302 (9th Cir. 2007) (inconsistency with the medical evidence and drug-seeking behavior sufficient to discount credibility); *Morton v. Astrue*, 232 F. App'x 718, 719 (9th Cir. 2007) (drug-seeking behavior is a valid reason for questioning a claimant's credibility).

While the ALJ found Plaintiff engaged in drug-seeking behavior, the ALJ does not cite to any evidence of drug-seeking.  Tr. 708.  The ALJ noted Plaintiff continued to use marijuana and pain medication during the relevant period and noted three occasions when Plaintiff tested negative for her prescribed opiates.  Tr. 708-10.  However, the medical records note there were times her in-house testing was negative, but the Labcorp testing then confirmed the presence of the medication, and stated Plaintiff would be continued on her medications pending confirmatory testing.  Tr. 1055, 1070.  The Labcorp confirmation testing from two of the cited time periods demonstrates Plaintiff was taking pain medication, consistent with her prescribed medication.  Tr. 1056, 1073-74.  Defendant does not

ORDER - 13

set forth any defense of this finding. *See* ECF No. 14. It is unclear whether this is an admission by Defendant that the ALJ erred or whether it was an oversight. As the ALJ failed to cite to any evidence to support the conclusion, the ALJ's finding that Plaintiff engaged in drug-seeking behavior is not supported by substantial evidence. Defendant has waived any argument on the issue. *See Wilcox v. Commissioner*, 848 F.2d 1007, 1008 n.2 (9th Cir. 1998) ("[a]rguments not addressed in a brief are deemed abandoned"); *see also Justice v. Rockwell Collins. Inc.*, 117 F.Supp.3d 1119, 1134 (D. Or. 2015), aff'd, 720 F. App'x 365 (9th Cir. 2017) ("if a party fails to counter an argument that the opposing party makes ... the court may treat that argument as conceded") (citation and internal quotations and brackets omitted); *Kinley v. Astrue*, No. 1:12-cv-740-JMS-DKL, 2013 WL 494122, *3 (S.D. Ind. Feb. 8, 2013) ("The Commissioner does not respond to this [aspect of claimant's] argument, and it is unclear whether this is a tacit admission by the Commissioner that the ALJ erred or whether it was an oversight. Either way, the Commissioner has waived any response.").

### 3. *Activities of Daily Living*

The ALJ found Plaintiff's symptom claims were inconsistent with her ability to provide care for her children. Tr. 709-11. The ability to care for others without help has been considered an activity that may undermine claims of totally disabling pain. *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001). However, if the

ORDER - 14

care activities are to serve as a basis for the ALJ to discredit the Plaintiff's symptom claims, the record must identify the nature, scope, and duration of the care involved and this care must be "hands on" rather than a "one-off" care activity. *Trevizo v. Berryhill*, 871 F.3d 664, 675-76 (9th Cir. 2017).

The ALJ found Plaintiff provided childcare, without assistance, for her three children. Tr. 709-11. The ALJ noted Plaintiff was able to carry an infant in an infant seat, and "doing lots of lifting and activities" while providing childcare. Tr. 1108, 1124. Plaintiff reported some difficulties, such as no longer being able to lift her child after they gained weight, and testified she takes breaks between tasks in the home. Tr. 754-57. The ALJ also cited to Plaintiff's ability to do activities outside of her home, including moving, but there is no discussion of Plaintiff's role in the move, and while the note states medication allows her to get outside with her kids, there is no further information about Plaintiff's activities. Tr. 1063. The ALJ does not set forth an analysis as to how Plaintiff's ability to provide care for her children in her home is inconsistent with her allegations of disabling mental health limitations outside of her home, and the minimal activities cited to by the ALJ do not amount to substantial evidence. The ALJ erred in finding Plaintiff's ability to care for her children was inconsistent with her symptom claims.

*4. Inconsistent Objective Medical Evidence*

ORDER - 15

1    The ALJ found the objective medical evidence was inconsistent with

2    Plaintiff's symptom claims.  Tr. 708-11.  An ALJ may not discredit a claimant's

3    symptom testimony and deny benefits solely because the degree of the symptoms

4    alleged is not supported by objective medical evidence.  *Rollins*, 261 F.3d at 857;

5    *Bunnell v. Sullivan*, 947 F.2d 341, 346-47 (9th Cir. 1991); *Fair v. Bowen*, 885 F.2d

6    597, 601 (9th Cir. 1989); *Burch v. Barnhart*, 400 F.3d 676, 680 (9th Cir. 2005).

7    However, the objective medical evidence is a relevant factor, along with the

8    medical source's information about the claimant's pain or other symptoms, in

9    determining the severity of a claimant's symptoms and their disabling effects.

10    *Rollins*, 261 F.3d at 857; 20 C.F.R. §§ 404.1529(c)(2), 416.929(c)(2).

11    The ALJ found the objective medical evidence related to Plaintiff's physical

12    and mental impairments, including evidence of improvement with treatment, is

13    inconsistent with Plaintiff's symptom claims.  Tr. 708-11.  However, the Court

14    finds the ALJ's other reasons for rejecting Plaintiff's symptom claims are not

15    supported by substantial evidence.  As this reason alone is not a sufficient reason to

16    reject Plaintiff's claims, the ALJ erred in finding Plaintiff's symptom claims were

17    inconsistent with the objective medical evidence.  On remand, the ALJ is

18    instructed to reconsider Plaintiff's symptom claims and give clear and convincing

19    reasons, supported by substantial evidence, to reject Plaintiff's claims.

20    **B. Step Three**

ORDER - 16

Plaintiff contends the ALJ erred by failing to find her impairments meet or equal Listing 1.04A.  ECF No. 13 at 3-5.  At step three, the ALJ must determine if a claimant's impairments meet or equal a listed impairment.  20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii).

The Listing of Impairments "describes for each of the major body systems impairments [which are considered] severe enough to prevent an individual from doing any gainful activity, regardless of his or her age, education or work experience."  20 C.F.R. §§ 404.1525, 416.925.  "Listed impairments are purposefully set at a high level of severity because 'the listings were designed to operate as a presumption of disability that makes further inquiry unnecessary.'" *Kennedy v. Colvin*, 738 F.3d 1172, 1176 (9th Cir. 2013) (citing *Sullivan v. Zebley*, 493 U.S. 521, 532 (1990)).  "Listed impairments set such strict standards because they automatically end the five-step inquiry, before residual functional capacity is even considered."  *Kennedy,* 738 F.3d at 1176.  If a claimant meets the listed criteria for disability, she will be found to be disabled.  20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii).

"To *meet* a listed impairment, a claimant must establish that he or she meets each characteristic of a listed impairment relevant to his or her claim." *Tackett,* 180 F.3d at 1099 (emphasis in original); 20 C.F.R. §§ 404.1525(d), 416.925(d).  "To *equal* a listed impairment, a claimant must establish symptoms, signs and

ORDER - 17

laboratory findings 'at least equal in severity and duration' to the characteristics of a relevant listed impairment . . . ." *Tackett*, 180 F.3d at 1099 (emphasis in original) (quoting 20 C.F.R. § 404.1526(a)). "If a claimant suffers from multiple impairments and none of them individually meets or equals a listed impairment, the collective symptoms, signs and laboratory findings of all of the claimant's impairments will be evaluated to determine whether they meet or equal the characteristics of any relevant listed impairment." *Id*. However, "'[m]edical equivalence must be based on medical findings," and "[a] generalized assertion of functional problems is not enough to establish disability at step three.'" *Id*. at 1100 (quoting 20 C.F.R. § 404.1526(a)).

The claimant bears the burden of establishing her impairment (or combination of impairments) meets or equals the criteria of a listed impairment. *Burch*, 400 F.3d at 683. "An adjudicator's articulation of the reason(s) why the individual is or is not disabled at a later step in the sequential evaluation process will provide rationale that is sufficient for a subsequent reviewer or court to determine the basis for the finding about medical equivalence at step 3." Social Security Ruling (SSR) 17-2P, 2017 WL 3928306, at *4 (effective March 27, 2017).

Here, the ALJ found that Plaintiff's impairments and combinations of impairments did not meet or equal any listings, including Listing 1.04A. Tr. 704-

ORDER - 18

05.  To meet Listing § 1.04A, a claimant must establish: (1) evidence of nerve root compression characterized by neuro-anatomic distribution of pain; (2) limitations of motion of the spine; (3) motor loss ("atrophy with associated muscle weakness or muscle weakness") accompanied by sensory or reflex loss, and (4) if there is involvement of the lower back, positive straight-leg raising test (sitting and supine). *Gnibus v. Berryhill*, 2017 WL 977594, at *4 (E. D. Cal. March 13, 2017) (finding Listing 1.04A was met) (citing *Sullivan*, 493 U.S. at 530 ("For a claimant to show that his impairment matches a listing, it must meet *all* of the specified medical criteria.  An impairment that manifests only some of those criteria, no matter how severely, does not qualify.")).  Further, Plaintiff must establish the impairment satisfies the 12-month durational requirement.  *Id.* at *7 (internal citations omitted); *see also Stewart v. Colvin*, 674 F.App'x 634, 635 (9th Cir. 2017) (Plaintiff failed to carry his burden of establishing that he met all of the criteria for Listing 1.04A).

A cervical MRI demonstrated Plaintiff had cervical radiculopathy, stenosis, and nerve root encroachment at C6 in January 2015.  Tr. 704 (citing Tr. 493-94, 498, 504).  However, Plaintiff had normal range of motion, strength, and sensation at many appointments.  Tr. 704-05 (citing Tr. 467-68, 520-22, 564, 1075-76, 1083, 1085, 1093, 1099, 1103-18, 1124).  Plaintiff points to a single incident when she had limited range of motion, ECF No. 13 at 4 (citing Tr. 339), and a single

ORDER - 19

appointment where atrophy was documented, ECF No. 13 at 4 (citing Tr. 350), as well as visits where Plaintiff had decreased strength and numbness, ECF No. 13 at 4-5 (citing Tr. 326, 339, 345, 347, 350, 478, 496, 501, 970, 982-83).  However, there are many visits where Plaintiff had no atrophy, no numbness, normal strength, and normal range of motion.  Tr. 346, 350, 355, 359, 429, 497-98, 501, 982.

While Plaintiff argues the ALJ largely cited to irrelevant evidence, the ALJ cited to the objective evidence discussed *supra* to support the conclusion Plaintiff's spinal impairment does not cause the motor or sensory loss required for Listing 1.04A.  Tr. 705.  Additionally, the ALJ noted Plaintiff was able to provide childcare for two young children with no help, which included lifting and carrying an infant, and she reported she controlled her pain fairly well with medication.  Tr. 704-05 (citing Tr. 1063, 1124).  While Plaintiff's activities alone do not clearly demonstrate Plaintiff is not disabled, the ALJ reasonably found that the objective evidence, along with Plaintiff's reported ability to control her symptoms with medication and engage in such activities, are inconsistent with an impairment that is of Listing-level severity.  Plaintiff has not met her burden in demonstrating she meets or equals Listing 1.04A.  Plaintiff is not entitled to remand on these grounds.

ORDER - 20

### C. Medical Opinion Evidence

Plaintiff contends the ALJ erred in his consideration of the opinions of Philip Barnard, Ph.D.; Shirley Goodman, LMHC; Cara Kline, M.Ed.; Sasha Baker, MSW; Kristylynne Goveia, LCSW; Karl Scott Reinmuth, M.D.; and Kari Hoover, PA-C.  ECF No. 13 at 5-16.

There are three types of physicians: "(1) those who treat the claimant (treating physicians); (2) those who examine but do not treat the claimant (examining physicians); and (3) those who neither examine nor treat the claimant [but who review the claimant's file] (nonexamining [or reviewing] physicians)." *Holohan v. Massanari,* 246 F.3d 1195, 1201-02 (9th Cir. 2001) (citations omitted). Generally, a treating physician's opinion carries more weight than an examining physician's, and an examining physician's opinion carries more weight than a reviewing physician's.  *Id.* at 1202.  "In addition, the regulations give more weight to opinions that are explained than to those that are not, and to the opinions of specialists concerning matters relating to their specialty over that of nonspecialists."  *Id.* (citations omitted).

If a treating or examining physician's opinion is uncontradicted, the ALJ may reject it only by offering "clear and convincing reasons that are supported by substantial evidence."  *Bayliss v. Barnhart,* 427 F.3d 1211, 1216 (9th Cir. 2005). "However, the ALJ need not accept the opinion of any physician, including a

ORDER - 21

treating physician, if that opinion is brief, conclusory and inadequately supported

by clinical findings." *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1228

(9th Cir. 2009) (internal quotation marks and brackets omitted).  "If a treating or

examining doctor's opinion is contradicted by another doctor's opinion, an ALJ

may only reject it by providing specific and legitimate reasons that are supported

by substantial evidence." *Bayliss*, 427 F.3d at 1216 (citing *Lester*, 81 F.3d at 830-

31).  The opinion of a nonexamining physician may serve as substantial evidence if

it is supported by other independent evidence in the record.  *Andrews v. Shalala*,

53 F.3d 1035, 1041 (9th Cir. 1995).

"Only physicians and certain other qualified specialists are considered

'[a]cceptable medical sources.'" *Ghanim, 763* F.3d at 1161 (alteration in original);

*see* 20 C.F.R. §§ 404.1513, 416.913 (2013).[2]  However, an ALJ is required to

consider evidence from non-acceptable medical sources, such as therapists.  20

C.F.R. §§ 404.1513(d), 416.913(d) (2013).[3]  An ALJ may reject the opinion of a

---

[2] The regulation that defines acceptable medical sources is found at 20 C.F.R. §§

404.1502, 416.902 for claims filed after March 27, 2017.  The Court applies the

regulation in effect at the time the claim was filed.

[3] The regulation that requires an ALJ's consider opinions from non-acceptable

medical sources is found at 20 C.F.R. §§ 404.1502c, 416.920c for claims filed after

ORDER - 22

non-acceptable medical source by giving reasons germane to the opinion. *Ghanim*, 763 F.3d at 1161.

### 1. Dr. Reinmuth

On July 17, 2017, Dr. Reinmuth, a treating provider, rendered an opinion on Plaintiff's functioning. Tr. 939-41. Dr. Reinmuth diagnosed Plaintiff with anxious depression, degenerative disc disease of the cervical spine, chronic headaches, and pregnancy. Tr. 939. Dr. Reinmuth opined Plaintiff was limited to sedentary work, she could not lift more than 10 pounds, she could not sit or stand in the same position for more than 30 minutes at a time, and she could not engage in any significant bending or stooping. Tr. 939-40. He checked the box indicating the limitations were permanent, but also wrote the conditions were likely to limit Plaintiff for three months, and did not give an opinion on the number of hours per week Plaintiff could engage in work activity. Tr. 940.

On June 22, 2018, Dr. Reinmuth, rendered another opinion on Plaintiff's functioning. Tr. 930-32. Dr. Reinmuth diagnosed Plaintiff with chronic neck, bilateral shoulder, and arm pain due to degenerative discs and arthritis in her cervical spine, and chronic low back pain with sciatica in the left greater than right

_____

March 27, 2017. The Court applies the regulation in effect at the time the claim was filed.

ORDER - 23

legs.  Tr. 930.  Dr. Reinmuth opined Plaintiff is limited to light work and is unable

to lift/pull/push more than 20 pounds, she can only occasionally reach, stoop, and

bend, and she cannot sit or stand in the same position for more than 30 minutes at a

time, but Plaintiff is able to engage in work activities 31 to 40 hours per week.  Tr.

930-31.  Dr. Reinmuth opined the limitations were likely permanent.  Tr. 931.  The

ALJ gave minimal weight to Dr. Reinmuth's opinions.  Tr. 712.  As Dr.

Reinmuth's opinions were contradicted by the opinions of Matthew Comrie,

Psy.D, Tr. 62-69, Jane Lewis, Ph.D., Tr. 91-98, and Diane Rubin, M.D., Tr. 95-97,

the ALJ was required to give specific and legitimate reasons to reject Dr.

Reinmuth's opinions.  *See Bayliss*, 427 F.3d at 1216.  Plaintiff only challenges the

ALJ's rejection of the June 2018 opinion.  ECF No. 13 at 7-9.

        First, the ALJ found Dr. Reinmuth relied on Plaintiff's unreliable self-report.

Tr. 712.  A physician's opinion may also be rejected if it is too heavily based on a

claimant's properly discounted complaints.  *Tonapetyan v. Halter*, 242 F.3d 1144,

1149 (9th Cir. 2001).  The ALJ found Dr. Reinmuth's opinion lacked an objective

basis and thus the opinion must be based on Plaintiff's unreliable self-reported pain

and limitations.  Tr. 712.  However, for the reasons discussed *supra*, the ALJ erred

in his analysis of Plaintiff's symptom claims.  As such, the ALJ erred in rejecting

Dr. Reinmuth's opinion as too reliant on Plaintiff's self-report.

ORDER - 24

1   While the ALJ offered other reasons to reject Dr. Reinmuth's opinion, as the

2   case is being reminded to reconsider Plaintiff's symptom claims, the ALJ is also

3   instructed to reconsider Dr. Reinmuth's opinion.  For the purposes of the remand,

4   the Court notes that while the ALJ rejected Dr. Reinmuth's opinion in part because

5   Plaintiff's pain was controlled with the use of controlled substances "for which she

6   repeatedly tested negative," Tr. 711, multiple negative tests were later confirmed

7   as positive, as discussed *supra.*

8   *2. Ms. Goodman*

9   On August 27, 2014, Ms. Goodman, a treating counselor, rendered an

10   opinion on Plaintiff's functioning.  Tr. 949-51.  Ms. Goodman opined Plaintiff may

11   need some assistance to participate in life skills, she could engage in work

12   activities 11 to 20 hours per week, she can lift up to five pounds, and can "stand or

13   walk," but Ms. Goodman checked the box indicating Plaintiff is severely limited,

14   meaning she cannot lift at least two pounds or is unable to stand or walk, and the

15   limitations were expected to last three months.  Tr. 949-50.  The ALJ gave Ms.

16   Goodman's opinion minimal weight.  Tr. 712.  As Ms. Goodman is not an

17   acceptable medical source, the ALJ was required to give germane reasons to reject

18   Ms. Goodman's opinion.  *See Ghanim*, 763 F.3d at 1161

19   First, the ALJ found Ms. Goodman relied on Plaintiff's unreliable self-

20   report.  Tr. 712.  A physician's opinion may also be rejected if it is too heavily

ORDER - 25

based on a claimant's properly discounted complaints.  *Tonapetyan,* 242 F.3d at 1149.  The ALJ found Ms. Goodman's opinion lacked an objective basis and thus the opinion must be based on Plaintiff's unreliable self-reported pain and limitations.  Tr. 712.  However, for the reasons discussed *supra*, the ALJ erred in his analysis of Plaintiff's symptom claims.  As such, the ALJ erred in rejecting Ms. Goodman's opinion as too reliant on Plaintiff's self-report.

While the ALJ offered other reasons to reject Ms. Goodman's opinion, as the case is being remanded to reconsider Plaintiff's symptom claims, the ALJ is also instructed to reconsider Ms. Goodman's opinion.  For the purposes of the remand, the Court notes that while the ALJ also rejected Ms. Goodman's opinion in part because Plaintiff's pain was controlled with the use of controlled substances "for which she repeatedly tested negative," Tr. 711, multiple negative tests were later confirmed as positive, as discussed *supra*.

### 3.  Dr. Barnard

On June 19, 2014, Dr. Barnard, an examining source, rendered an opinion on Plaintiff's functioning.  Tr. 393-97.  Dr. Barnard diagnosed Plaintiff with agoraphobia and generalized anxiety disorder.  Tr. 394.  Dr. Barnard opined Plaintiff's panic attacks would interfere with her ability to work on a daily basis to a marked extent; she has moderate limitations in her ability to understand, remember, and persist in tasks by following very short and simple instructions,

ORDER - 26

learn new tasks, make simple work-related decisions, be aware of normal hazards

and take appropriate precautions, ask simple questions or request assistance, and

set realistic goals and plan independently; marked limitations in her ability to

understand, remember, and persist in tasks by following detailed instructions,

perform activities within a schedule, maintain regular attendance, and be punctual

within customary tolerances without special supervision, and perform routine tasks

without special supervision; and severe limitations in her ability to adapt to

changes in a routine work setting, communicate and perform effectively in a work

setting, complete a normal workday/workweek without interruptions from

psychologically based symptoms, and set realistic goals and plan independently.

Tr. 394-95.  He opined the limitations would last 24 to 48 months and were not

primarily due to substance use.  Tr. 395.  The ALJ gave minimal weight to Dr.

Barnard's opinion.  Tr. 712.  As Dr. Barnard's opinion was contradicted by the

opinions of Matthew Comrie, Psy.D, Tr. 62-69, and Jane Lewis, Ph.D., Tr. 91-98,

the ALJ was required to give specific and legitimate reasons to reject Dr. Barnard's

opinion.  *See Bayliss*, 427 F.3d at 1216.

As the case is being remanded for the ALJ to reconsider Plaintiff's symptom

claims and other medical opinions, the ALJ is also instructed to reconsider Dr.

Barnard's opinion.  For the purposes of the remand, the Court notes that while the

ALJ found Dr. Barnard's opinion was inconsistent with Plaintiff's ability to

ORDER - 27

provide care for her children, Tr. 712, the ALJ does not set forth an analysis as to how her ability to provide in-home care for her children is inconsistent with Dr. Barnard's opinion. ECF No. 13 at 10-11. The ALJ also found Dr. Barnard did not notice "the effects of her substance use disorder(s)," Tr. 712-13, however Dr. Barnard documented Plaintiff's marijuana use, Tr. 393, and the ALJ does not set forth an analysis as to how Plaintiff's substance use impacts Plaintiff's functioning in a way that Dr. Barnard did not account for.

    *4. Ms. Goveia*

    On November 14, 2014, Ms. Goveia,[4] a treating counselor, rendered an opinion on Plaintiff's functioning. Tr. 952-54. Ms. Goveia stated Plaintiff was diagnosed with PTSD, high anxiety, and depression. Tr. 952. She opined Plaintiff is unable to interact with people and is not able to leave her home, she struggles with making and keeping appointments, has a hard time participating in interviews and advocating for herself, and is unable to participate in work activities. Tr. 952-53. She opined Plaintiff's limitations were expected to last six months. Tr. 953. The ALJ gave Ms. Goveia's opinion minimal weight. Tr. 713. As Ms. Goveia is not an acceptable medical source, the ALJ was required to give germane reasons to reject Ms. Goveia's opinion. *See Ghanim*, 763 F.3d at 1161

---

[4] The ALJ refers to Ms. Goveia as Ms. Govera. Tr. 713.

ORDER - 28

As the case is being remanded for the ALJ to reconsider Plaintiff's symptom claims and other medical opinions, the ALJ is also instructed to reconsider Ms. Goveia's opinion.  For the purposes of the remand, the Court notes that the ALJ rejected Ms. Goveia, Ms. Kline, and Ms. Baker's opinion in part due to Plaintiff's ability to care for her children, Tr. 713, but the ALJ did not set forth an analysis as to how Plaintiff's ability to provide in-home care for her children is inconsistent with the opinions.  The ALJ also again erred in rejecting the opinions as inconsistent with Plaintiff's symptom claims, Tr. 713, as the ALJ did not give clear and convincing reasons to reject Plaintiff's claims as discussed *supra.*  Given the ALJ's repeated references to providers not accounting for the impact of Plaintiff's substance use, Tr. 713, when the ALJ did not set forth an analysis of the effects of Plaintiff's substance use, the ALJ is instructed to consider whether calling a psychological expert is necessary at the hearing to assist with determining the impact of Plaintiff's substance use on her functioning.

*5.  Ms. Kline*

On July 24, 2017, Ms. Kline, a treating counselor, rendered an opinion on Plaintiff's functioning.  Tr. 944-46.  Ms. Kline stated Plaintiff had been diagnosed with major depressive disorder, and moderate cannabis use disorder.  Tr. 944.  She opined Plaintiff's depression and anxiety limit her ability to concentrate, stay on task, leave the house, attend appointments, and her overall functionality, and

Plaintiff is limited to engaging in work activities one to 10 hours per week,

although she is "unable to assess fully." Tr. 944. She stated she is unable to assess

whether Plaintiff's conditions are permanent. Tr. 945.

On July 2, 2018, Ms. Kline, rendered another opinion on Plaintiff's

functioning. Tr. 934-36. Ms. Kline stated Plaintiff had been diagnosed with major

depressive disorder, recurrent episode, severe. Tr. 934. She opined Plaintiff has

difficulty concentrating, interacting with others, following directions, and

maintaining a schedule, she is unable to utilize public transportation, and she is

able to engage in work activities one to 10 hours per month. Tr. 934-35. She

opined the limitations were expected to last six months. Tr. 935. The ALJ gave

Ms. Kline's opinions minimal weight. Tr. 713. As Ms. Kline is not an acceptable

medical source, the ALJ was required to give germane reasons to reject Ms.

Kline's opinions. *See Ghanim*, 763 F.3d at 1161

As the case is being remanded for the ALJ to reconsider Plaintiff's symptom

claims and other medical opinions, the ALJ is also instructed to reconsider Ms.

Kline's opinions.

*6. Ms. Baker*

On January 2, 2019, Ms. Baker, a treating counselor, rendered an opinion on

Plaintiff's functioning. Tr. 926-28. Ms. Baker stated Plaintiff had been diagnosed

with major depressive disorder, recurrent, severe. Tr. 926. She opined Plaintiff

struggles with regulating her emotions, concentration, following directions, and completing tasks, and she is unable to participate in work activities. *Id.* She opined Plaintiff's limitations were expected to last 12 months. Tr. 827. The ALJ gave Ms. Baker's opinion minimal weight. Tr. 713. As Ms. Baker is not an acceptable medical source, the ALJ was required to give germane reasons to reject Ms. Baker's opinion. *See Ghanim*, 763 F.3d at 1161.

As the case is being remanded for the ALJ to reconsider Plaintiff's symptom claims and other medical opinions, the ALJ is also instructed to reconsider Ms. Baker's opinion.

**D. Remedy**

Plaintiff urges this Court to remand for an immediate award of benefits. ECF No. 13 at 5, ECF No. 15 at 9-11.

"The decision whether to remand a case for additional evidence, or simply to award benefits is within the discretion of the court." *Sprague v. Bowen*, 812 F.2d 1226, 1232 (9th Cir. 1987) (citing *Stone v. Heckler*, 761 F.2d 530 (9th Cir. 1985)). When the Court reverses an ALJ's decision for error, the Court "ordinarily must remand to the agency for further proceedings." *Leon v. Berryhill*, 880 F.3d 1041, 1045 (9th Cir. 2017); *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004) ("the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation"); *Treichler v. Comm'r of Soc. Sec. Admin.*,

ORDER - 31

775 F.3d 1090, 1099 (9th Cir. 2014).  However, in a number of Social Security cases, the Ninth Circuit has "stated or implied that it would be an abuse of discretion for a district court not to remand for an award of benefits" when three conditions are met.  *Garrison*, 759 F.3d at 1020 (citations omitted).  Under the credit-as-true rule, where (1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand, the Court will remand for an award of benefits.  *Revels v. Berryhill*, 874 F.3d 648, 668 (9th Cir. 2017).  Even where the three prongs have been satisfied, the Court will not remand for immediate payment of benefits if "the record as a whole creates serious doubt that a claimant is, in fact, disabled."  *Garrison*, 759 F.3d at 1021.

Plaintiff urges this Court for remand for immediate benefits as Plaintiff argues she meets a Listing.  ECF No. 13 at 5, ECF No. 15 at 2-3, 9-11.  However, Plaintiff has not met her burden in demonstrating she meets or equals a Listing, as discussed *supra*.  Further, even if the Court credited the disabling medical opinions as true, Plaintiff concedes that her date last insured was in December 2013, and there are no disabling opinions until 2014.  ECF No. 15 at 10.  The State agency

ORDER - 32

psychological consultants opined there was insufficient evidence to assess

Plaintiff's functioning at her date last insured.  Tr. 57, 79.  As such, there are no

medical opinions in file that establish Plaintiff's functioning at her date last

insured, and there is minimal medical evidence prior to Plaintiff's date last insured.

The Court finds additional proceedings are necessary to further develop the record.

Additionally, there are conflicting medical opinions requiring resolution, including

the non-disabling opinions of the State agency medical consultants, and the

conflicting opinions from Plaintiff's providers, such as Dr. Reinmuth's two

different opinions on Plaintiff's physical limitations.  On remand, the ALJ is

instructed to consider whether calling a medical and/or psychological expert is

necessary to determine Plaintiff's functioning at her date last insured, given the

lack of opinion evidence regarding her functioning at that time.  The case is

remanded for further proceedings consistent with this Order.

## CONCLUSION

Having reviewed the record and the ALJ's findings, the Court concludes the

ALJ's decision is not supported by substantial evidence and is not free of harmful

legal error.  Accordingly, **IT IS HEREBY ORDERED**:

1. The District Court Executive is directed to substitute Kilolo Kijakazi as

Defendant and update the docket sheet.

2. Plaintiff's Motion for Summary Judgment, **ECF No. 13**, is **GRANTED**.

ORDER - 33

3. Defendant's Motion for Summary Judgment, **ECF No. 14**, is **DENIED**.

4. The Clerk's Office shall enter **JUDGMENT** in favor of Plaintiff REVERSING and REMANDING the matter to the Commissioner of Social Security for further proceedings consistent with this recommendation pursuant to sentence four of 42 U.S.C. § 405(g).

The District Court Executive is directed to file this Order, provide copies to counsel, and **CLOSE THE FILE.**

DATED February 3, 2022.

_s/Mary K. Dimke_
MARY K. DIMKE
UNITED STATES DISTRICT JUDGE

ORDER - 34